NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0679n.06

No. 12-2003

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jul 23, 2013***

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| JIMMY MORICE JAMIL, | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) |
| | ) **O P I N I O N** |

BEFORE: BOGGS and McKEAGUE, Circuit Judges; and BECKWITH, Senior District Judge.[*]

**McKEAGUE, Circuit Judge.** Jimmy Morice Jamil appeals the 22-month sentence imposed by the district court after he admitted to violating the terms of his supervised release. For the following reasons, we affirm Jamil's sentence.

## I. BACKGROUND

In 2005, Jamil used the names of local small businesses to open five Sam's Club's credit cards. PSR ¶ 10-11. He used the cards to purchase about $60,000 in merchandise, which included a go-cart, three home-theater systems, eleven televisions, two computers, and a washer and dryer. PSR ¶ 11. After he pled guilty to the charge of credit card fraud, the district court sentenced him to three years of probation with 180 days of home confinement—well below the recommended

---

[*]The Honorable Sandra Shank Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

Guidelines range of 6 to 12 months of imprisonment—and ordered him to pay about $60,000 in restitution. R.9, Judgment, PageID # 26-28, 29.

The district court revoked Jamil's probation after he violated its conditions by testing positive for marijuana seventeen times. R. 11, Petition for Summons, PageID # 50. The district court sentenced Jamil to nine months in prison and three years of supervised release. R. 16, Judgment, PageID # 2,3.

Jamil began his term of supervised release in November 2010. During a four-month period beginning in October 2011, Jamil violated the terms of his release by testing positive for marijuana three times, submitting a diluted urinalysis sample, missing four of his required counseling sessions, and failing to make one of his restitution payments. R. 19, Supervision Report and Order, PageID # 72-73. Jamil admitted to these violations, and the district court ordered him to be placed in a residential reentry center for 180 days. R. 19, Supervision Report and Order, PageID # 73-74.

Only four months later, Jamil's probation officer requested a hearing because Jamil had been failing to pay restitution and had been terminated from the reentry center for testing positive for marijuana. R. 20, Violation Report, PageID # 75-77.

On the day of his supervised-release-violation hearing, Jamil again tested positive for marijuana. R. 30, Hrg. Tr., PageID # 94-95. The district court informed Jamil that, although the recommended Guidelines range for violating the conditions of his supervised release was three to nine months of imprisonment, he could receive a maximum sentence of up to two years. R. 30, Hrg. Tr., PageID # 95-96. Jamil admitted to violating the conditions of his supervised release. R. 30, Hrg. Tr., PageID # 95. He stated that, although he was employed, he had failed to pay restitution for

at least 5 months. R. 30, Hrg. Tr., PageID # 99-100. He further admitted that he had tested positive for marijuana seven times and had used marijuana continuously while he was in the residential reentry center. R. 30, Hrg. Tr., PageID # 100-01.

Jamil's counsel requested that the court not revoke his supervised release but instead order home confinement. R. 30, Hrg. Tr., PageID # 104. However, upon considering the factors in 18 U.S.C. § 3553(a), the district court revoked Jamil's supervised release and sentenced him to 22 months in prison. R. 30, Hrg. Tr., PageID # 121.

Jamil has appealed and argues that his 22-month sentence is both procedurally and substantively unreasonable.

## II. ANALYSIS

We review a sentence imposed after a district court revokes a term of supervised release "under a deferential abuse of discretion standard for reasonableness." *United States v. Bolds,* 511 F.3d 568, 575 (6th Cir. 2007) (internal quotation marks omitted). Our review is for both procedural and substantive reasonableness. *See Gall v. United States,* 552 U.S. 38, 51 (2007). A defendant need not raise before the district court a challenge to the substantive reasonableness of his sentence to preserve that challenge for appeal. *United States v. Lanning,* 633 F.3d 469, 473 (6th Cir. 2011). However, if the district court asks what we call the *Bostic* question and the defendant does not raise a procedural-reasonableness objection, we review any such challenge on appeal for plain error. *Id.*

We begin by reviewing the procedural reasonableness of Jamil's sentence. Because the district court asked the *Bostic* question and Jamil did not raise any of his procedural reasonableness objections, our review is for plain error. R. 30, Hrg. Tr., PageID # 124. To establish plain error,

Jamil must "show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner,* 516 F.3d 382, 386 (6th Cir. 2008) (internal quotation marks omitted).

A sentence is procedurally unreasonable if the district court "select[s] [it] based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall,* 552 U.S. at 51.

Jamil asserts that the district court based his sentence on inaccurate information because it chastised him for paying an insufficient amount of money toward his restitution. Jamil contends that his payments actually exceeded his total payment obligation under the probation department's repayment schedule. He further argues that the district court failed to adequately justify the upward variance from the Guidelines. We disagree.

*First*, the district court did not base Jamil's sentence on inaccurate information. The district court noted that over a five-year period Jamil had "made progress" by paying $5,000, about 10% of his total obligation. R. 30, Hrg. Tr., PageID # 117. However, the court also correctly observed that during the several months before the hearing Jamil's payments had been sporadic at best. Furthermore, while 90% of his restitution obligation remained outstanding, Jamil was frittering away his money buying marijuana. None of the district court's statements were erroneous. And even if we found clear error here, we would not find that the error affected Jamil's substantial rights. The hearing transcript makes clear that the court based its sentencing decision primarily upon Jamil's incorrigible use of marijuana, not upon his failure to pay restitution.

*Second*, the district court did not fail to justify its decision to vary upward from the Guidelines range. To the contrary, the court amply justified the variance. The court recalled that although Jamil's original offense carried a suggested year's imprisonment, Jamil received only probation and home confinement. Morever, the district court emphasized that Jamil was afforded plenty of opportunities to reform—through home confinement, residential reentry, short-term incarceration, and probation—yet he repeatedly failed to comply with the court's instructions. R. 30, Hrg. Tr., PageID # 120. The court told Jamil that "[c]hance after chance, opportunity after opportunity you've not lived up to what you have clearly known were your responsibilities." R. 30, Hrg. Tr., PageID # 120. After all other approaches had failed, the district court concluded that a substantial prison term was necessary to "promote respect for the law," deter Jamil from future misconduct, and help him to "understand that actions and choices have consequences." R. 30, Hrg. Tr., PageID # 120-21. In short, the district court thoroughly explained its decision to impose an above-Guidelines sentence. Jamil's sentence is procedurally reasonable.

We next consider the substantive reasonableness of Jamil's sentence. A sentence is substantively unreasonable if the district court "fails to consider pertinent § 3553(a) factors." *United States v. Sexton,* 512 F.3d 326, 332 (6th Cir. 2008) (internal quotation marks omitted). One of these factors is whether the sentence will "provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)(D).

Jamil claims that his sentence is substantively unreasonable because the district court failed to consider whether imprisonment was the most effective way to address his marijuana addiction. Jamil believes that home confinement would better help him kick the habit. But the district court

noted Jamil's addiction and explained that it had already tried imposing home confinement, probation, a short prison sentence, and residential reentry, and that all of these approaches had failed. It was not unreasonable for the district court to conclude that home confinement had failed to assist Jamil overcome his addiction in the past and was unlikely to succeed in the future. Based on Jamil's repeated failures to conform his behavior to the law, we find the district court's 22-month sentence to be eminently reasonable.[1]

### III. CONCLUSION

We **AFFIRM** Jamil's sentence.

---

[1]We note that if the district court had imposed Jamil's prison sentence for the purpose of rehabilitating him, that purpose would have been improper. *See* 18 U.S.C. § 3582(a); *Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011) ("Section 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation."); *United States v. Deen*, 706 F.3d 760, 765-66 (6th Cir. 2013) (holding that *Tapia* applies to sentences imposed following the revocation of a defendant's supervised release). However, although the district court mentioned that a prison term would remove Jamil from the temptations of marijuana, Jamil does not argue on appeal that the district court improperly imposed his sentence for rehabilitative purposes. As we read the hearing transcript, the district court imposed the above-Guidelines sentence to reflect the seriousness of Jamil's offense, to promote respect for the law, to deter Jamil from future misconduct, and to help him understand that his actions and choices have consequences. R. 30, Hrg. Tr., PageID # 120-21. The court's remarks that prison might help him overcome his marijuana addiction appear to be merely the recognition of an added benefit, not the purpose for the sentence. *See Id.* at Page ID # 119, 121; *Tapia*, 131 S. Ct. at 2392 ("A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs.").